IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAZA SYSTEMS, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 11-0073 ) |
| TAZA 21 CO., LLC, FRANK A. ABRAHAM, ET AL., | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM ORDER

This is a trademark infringement action. Plaintiff, Taza Systems, LLC, has filed a motion to enforce settlement agreement. [doc. no. 38]. Defendants have filed a motion to strike hearsay references in plaintiff's reply brief and the declaration of Fady Chamoun. [doc. no. 47]. For the reasons set forth below, we deny the motion to enforce the settlement agreement. The motion to strike is denied as moot.

Taza Systems contends that this case was settled at a July 13, 2011 mediation. The day after that mediation took place, having been informed by counsel that the case had been resolved, the court entered an order closing the case. [doc. no. 33]. Several days later the mediator filed his Report of Neutral also indicating that the case had resolved. [doc. no. 35]. However, both the court's order and the Report of Neutral require that written documentation memorializing the oral settlement reached at the mediation be generated. [doc. no. 33

("...the only remaining matter is the submission of a stipulation of discontinuance for approval by the court."); doc. no. 35 ("...case has resolved subject to preparation of the documentation formalizing the settlement.")]. No written documentation was ever submitted to the court, or signed by the parties. Because preparation of written documentation was explicitly a prerequisite to settlement of this case, as reflected in the documents filed with the court, there was never a valid and enforceable settlement agreement between the parties in this case. Kazanjian v. New England Petroleum Corp., 332 Pa. Super. 1, 10 (1984) (oral settlement agreements are enforceable, unless a writing is a condition of the agreement). As such, we will reopen the case and enter a scheduling order.

AND NOW, this 24th day of February, 2012, it is HEREBY ORDERED that Taza Systems' Motion to Enforce the Settlement Agreement [doc. no. 38] is DENIED; and

IT IS FURTHER ORDERED that Taza 21's Motion to Strike is DENIED as moot.

BY THE COURT,

/s/ *[signature]* C.J.