IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAZA SYSTEMS, LLC,                    )
                                      )
              Plaintiff,              )
                                      )
       v.                             )  Civil Action No. 11-0073
                                      )
TAZA 21 CO., LLC, FRANK A.            )
  ABRAHAM, ET AL.,                    )
                                      )
              Defendants.             )

MEMORANDUM

Gary L. Lancaster                          October **3/**, 2012
Chief Judge

This is a trademark infringement action. Plaintiff Taza

Systems, LLC ("Taza Systems") accuses defendant, Taza 21 Company

("Taza21") of infringing its federally registered trademarks.

In turn, Taza21 contends that Taza Systems' trademark

registrations are invalid and unenforceable. Fact and expert

discovery is scheduled to close on October 10, 2012.

On June 22, 2012, Taza21 took the deposition of Taza

Systems pursuant to a Rule 30(b)(6) Notice of Deposition.

Taza21 contends that Taza System's corporate designee was not

knowledgeable regarding two of the identified topics and, as a

result, it seeks an order compelling the deposition of Taza

Systems' attorney, Edward Saadi. [doc. no. 60]. For the

reasons set forth below, we deny the motion.

I.  FACTUAL BACKGROUND

Taza21 issued a Rule 30(b)(6) Notice of Deposition of Taza Systems, identifying sixteen topics on which it would question the corporate representative(s). Taza Systems produced Fady Chamoun as its designee on all topics. Taza21 contends that Mr. Chamoun was not knowledgeable about or prepared to answer questions regarding Topic #3 (All actions taken by TAZA Systems to determine the availability of the Trademarks-in-Suit for use and/or registration in connection with restaurant, bar or food services or any related goods or services) and Topic #4 (Any search to locate any other users of the mark "TAZA" Trademarks-in-Suit [sic] for restaurant, bar or food services).

According to Taza21, because Mr. Chamoun did not adequately answer questions regarding these topics, and instead identified attorney Edward Saadi as the person most knowledgeable about them, we must compel the deposition of Attorney Saadi. [doc. no. 60 at pp. 2, 3, 4-5]. Presumably, Taza21 seeks to have Attorney Saadi testify as a corporate designee of Taza Systems under Rule 30(b)(6), although it never specifically states this point.

## II. DISCUSSION

Although Taza21's motion is captioned a motion to compel the deposition of Attorney Saadi, it is actually a motion seeking a sanction pursuant to Federal Rule of Civil Procedure 37 against Taza Systems for its purported failure to produce a witness with knowledge about two topics listed in a Rule 30(b)(6) Notice of Deposition. Therefore, as a practical matter, we must first decide whether Taza Systems has violated its duty under Rule 30(b)(6). If so, then we must decide whether a sanction is appropriate. Only then would we determine whether compelling the deposition of Attorney Saadi is the appropriate sanction under the circumstances.

### A. Did Taza Systems Violate Rule 30(b)(6)?

Rule 30(b)(6), contrary to common belief, does not require a corporate party to identify the person "most knowledgeable" about a topic. Rather, the organizational entity has the duty to identify a witness to testify on its behalf and to prepare that witness to state the organization's position, knowledge, subjective beliefs, and opinions on identified topics. Harris v. New Jersey, 259 F.R.D. 89, 92 (D.N.J. 2007); State Farm Mutual Auto. Insur. Co. v. New Horizont, Inc., 250 F.R.D. 203, 216 (E.D. Pa. 2008); United States v. Taylor, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996) (cited with approval in Black

3

Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 303-04 (3d Cir. 2000)). The entity must "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." Harris, 259 F.R.D. at 92 (quoting Mitsui & Co. (U.S.A.), Inc. v. P.R. Water Res. Auth., 93 F.R.D. 62, 67 (D.P.R. 1981)). A party that fails to prepare a Rule 30(b)(6) designee can be sanctioned based on a lack of good faith, prejudice, and disruption of the proceedings. Black Horse Lane, 228 F.3d at 303 (citing cases).

Taza21 maintains that Taza Systems failed to produce a witness with personal knowledge or to prepare a corporate representative to state Taza Systems' knowledge, subjective beliefs, and opinions regarding how it determined whether the trademark TAZA was available for use and/or registration as the name of a restaurant, including any searches it undertook to locate other restaurants that included the word TAZA in their name. In support of its position, Taza21 cites to several portions of Mr. Chamoun's deposition in which he responds to a line of questioning by stating that Attorney Saadi is more knowledgeable than he is on the matter.

From our independent review of the partial deposition transcript that the parties have provided to the Court, we have located two general areas of inquiry in which Mr. Chamoun stated that his attorney would have more knowledge than him. First, is when Mr. Chamoun was asked who would be most knowledgeable regarding "the trademark applications" or "the registration of the three marks that have been raised in this case," including, specifically, the circumstances under which the attorney, rather than the client, signed the verified statement on the applications. Chamoun Depo. at pp. 25-26, 34-35, 39. And second is when Mr. Chamoun was asked whether the Thomson trademark search report, or any of the information contained therein regarding other restaurants using the name TAZA, was provided to the U.S. Patent and Trademark Office. Chamoun Depo. at pp. 38-39. Neither of these general lines of inquiry fall within the parameters of Topic #3 or Topic #4, or any other topic listed in the Notice of Deposition.

Taza21 did not ask Taza Systems to designate a witness to discuss the trademark applications, registration of the marks, or the circumstances surrounding the execution of the verified statement. As such, it is immaterial for purposes of this motion that Mr. Chamoun indicated that Attorney Saadi would know more about these topics at the 30(b)(6) deposition. Taza Systems did not violate its duty under Rule 30(b)(6) by failing

to designate Attorney Saadi to testify about topics not included in the Notice of Deposition.

Although Taza21 did ask Taza Systems to produce a witness to testify as to what efforts Taza Systems undertook to clear its use and eventual registration of the trademark TAZA, it did not indicate that it intended to ask that witness whether Taza Systems notified the PTO of the results of its due diligence.  This is unsurprising given that Taza21's Affirmative Defenses and Amended Counterclaims do not seek cancellation or invalidation of Taza Systems' trademarks on the ground that it failed to disclose common law, third-party uses of the name TAZA to the PTO.  Instead, Taza21's only claim seeking cancellation of the trademarks-in-suit on the grounds of non-disclosure to the PTO is based on Taza Systems' failure to divulge the number of languages in which TAZA translates as "fresh."  [doc. no. 26 at Tenth Defense, para. 22 and Third Counterclaim, para. 20]. Because questions regarding what Taza Systems disclosed to the PTO regarding its due diligence fell outside the scope of the Notice of Deposition, and, in fact, outside the scope of the pleadings, Mr. Chamoun's indication that Attorney Saadi would know more about that topic does not establish that Taza Systems violated its duty under Rule 30(b)(6).

In summary, the areas in which Attorney Saadi was identified as having more knowledge than Mr. Chamoun were not

included within the topics listed in Taza21's Notice of Deposition. Therefore, Taza Systems could not have violated its duty under Rule 30(b)(6) by failing to designate Attorney Saadi, rather than Mr. Chamoun, to testify about those issues at the deposition.

Next, we must evaluate Mr. Chamoun's responses to questions that did fall within the topics included in the Notice of Deposition to determine whether Taza Systems violated its duty under Rule 30(b)(6) to produce a knowledgeable and prepared witness. Again, although we have not been provided with a compete transcript of Mr. Chamoun's deposition, we have conducted an independent review of the portions that we do have. Our review indicates that Mr. Chamoun answered all questions about the efforts Taza Systems undertook to determine the availability of, and to locate other users of, the trademark TAZA.

For example, Mr. Chamoun testified that Taza Systems was aware of a TAZAJ restaurant in Chicago that held a federal trademark registration for that name, and that it decided to await cancellation of that registration before filing its own application to register the trademark TAZA with the PTO. Chamoun Depo. at p. 10, 12, 13, 26, 72. Mr. Chamoun also specifically denied knowing about dozens of other restaurants that included the word TAZA in their names, and acknowledged

that he had not conducted any internet searches to locate other users of the trademark TAZA. Chamoun Depo. at p. 12-13, 26, 29-30, 31, 41-43, 70-71. In addition, Mr. Chamoun confirmed that he had seen the Thomson trademark search report, dated April 14, 2006. Id. at p. 27, 38. Perhaps most importantly Mr. Chamoun indicated that it did not matter to Taza Systems whether there were other restaurants using the word TAZA in their name at the time it filed its applications to register the TAZA mark with the PTO. Id. at p. 31. Mr. Chamoun also acknowledged that Attorney Saadi was authorized to sign documents filed with the PTO on behalf of Taza Systems. Id. at p. 34-35.

Taza Systems is now bound by the answers given by its corporate designee. It is evident from our review of the partial transcript that Mr. Chamoun was a difficult witness. However, we cannot say that he was wholly evasive or lacking such knowledge on Topic Numbers 3 and 4 that his deposition can be construed as a failure to appear. Instead, he testified as to Taza Systems' strategy for registering its trademarks: await cancellation of the registration for TAZAJ and then move forward regardless of any other, unregistered, uses of the mark TAZA. He also confirmed that Taza Systems was unconcerned with the plethora of other restaurants using the word TAZA in their name that were revealed in the Thomson trademark search report. Taza21 does not need Attorney Saadi to testify as to Taza

8

Systems' due diligence, or lack thereof - Mr. Chamoun has already done so.  Likewise, Taza21 does not need Attorney Saadi to testify as to what information was disclosed to the PTO - the file history will speak for itself.

Presumably Attorney Saadi has independent and personal knowledge of the trademark applications, including why and how the mark TAZA was cleared for use and registration as the name of Taza Systems' restaurant.  Taza21 could have noticed the deposition of Attorney Saadi and attempted to elicit relevant, and non-privileged, information from him, if appropriate.  To the extent Taza21 anticipates that Taza Systems will seek to later rely on the testimony of Attorney Saadi to bolster its trademark clearance position, the Court will address the admissibility of that evidence, as well as the scope of any resultant waiver of the attorney-client privilege, when, and if, the situation arises.

But, for purposes of the pending motion, we cannot find that Taza Systems failed to produce a corporate designee with knowledge regarding the steps Taza Systems took to determine the availability of the trademark TAZA (Topic #3) or Taza Systems' searches to locate other users of the mark TAZA (Topic #4).  Mr. Chamoun did testify to the steps and searches Taza Systems undertook, and to its trademark registration strategy.  His testimony on this topic was admittedly limited.

However, the testimony was limited because apparently the steps
Taza Systems took were themselves limited.    Mr. Chamoun's
testimony is made on behalf of and is now binding on Taza
Systems, and its legal relevance will become apparent as this
case progresses.


B. What is the Appropriate Sanction?

         Because we find that Taza21 has failed to establish
that Taza Systems violated its duty under Rule 30(b)(6) we need
not determine whether a sanction is warranted, and specifically
whether compelling the deposition of Attorney Saadi as a
corporate designee is appropriate.


III. CONCLUSION

         For the foregoing reasons, Taza21's Motion to Compel
is denied.  An appropriate order follows.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAZA SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-0073 |
| | ) |
| TAZA 21 CO., LLC, FRANK A. | ) |
| ABRAHAM, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER

AND NOW, this $\underline{31}$ day of October 2012 it is HEREBY
ORDERED that defendants' motion to compel [doc. no. 60] is
DENIED.

BY THE COURT,

_____, C.J.