**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAZA SYSTEMS, LLC, ) | **CIVIL ACTION NO.:  2:11-CV-00073-GLL** |
| ) | |
| Plaintiff, ) | Judge Gary L. Lancaster |
| v. ) | |
| ) | |
| TAZA 21 CO., LLC, FRANK A. ABRAHAM, ) | **JURY TRIAL DEMANDED** |
| and JOHN DOES 1-10, ) | |
| ) | Electronically Filed |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE "EXPERT" REPORT AND "EXPERT" TESTIMONY OF J. MATTHEW PRITCHARD, ESQUIRE**

Plaintiff TAZA SYSTEMS, LLC ("Taza Systems" or "Plaintiff") submits this Memorandum of Law in further support of its **Motion in Limine to Exclude the "Expert" Report and "Expert" Testimony of J. Matthew Pritchard, Esquire**.

**I.      PROCEDURAL BACKGROUND**

The Defendants have designated a practicing trademark attorney, J. Matthew Pritchard, Esquire, as their sole expert witness in this case. The "expert" report prepared by Atty. Pritchard is attached hereto as Exhibit "A."

**II.     THE EXPERT REPORT AND TESTIMONY OF J. MATTHEW PRITCHARD, ESQ. SHOULD BE EXCUDED BECAUSE IT WAS NOT TIMELY SERVED.**

The Court's scheduling orders dated September 12, 2012 [*Document #62*] and October 31, 2012 [*Document #66*] set the deadline for exchange of expert reports (on all issues except damages) at November 16, 2012.  Defendant e-mailed the text (pages 1-12) of Pritchard's expert to the Plaintiff that date, but Plaintiff did not receive the full report, with the attachments, until November 19, 2012.  On the "due date" (November 16), Defendant requested an extension from Plaintiff for service of the full report.  See Exhibit "B."  But because this case has been subject to

1

several scheduling orders, with operative expert deadlines having already been extended pursuant to the parties' request, Plaintiff's counsel did not consent to an extension. As such, the Defendants' expert report was not timely served.

All issues which might have been amenable to expert opinion testimony have been well known to the Defendants since the filing of their Amended Counterclaim on May 2, 2011—more than eighteen months prior to the extended November 16, 2012 "due date" for expert reports. Defendants' inability to serve a complete expert report prior to the deadline is therefore inexplicable. On that basis alone, the report and the testimony of J. Matthew Pritchard should be excluded.

**III. THE EXPERT REPORT AND TESTIMONY OF J. MATTHEW PRITCHARD, ESQ. SHOULD BE EXCLUDED BECAUSE IT IS MERELY LEGAL ARGUMENT MASQUERADING AS EXPERT OPINION.**

   **a. Applicable Law**

Trial judges have "broad discretion in the matter of the admission or exclusion of expert evidence." Salem v. United States Lines Co., 370 U.S. 31, 35 (1962). However, while an expert may provide an opinion to help a jury or judge understand a particular fact, he may not give testimony stating ultimate legal conclusions based on those facts. This rule prohibiting experts from providing their legal opinions or conclusions is "so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle." Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 *U. Kan. L. Rev.* 325, 352 (1992). It is "black-letter law that expert legal testimony is not permissible." Note, "Expert Legal Testimony," 97 *Harv. L. Rev.* 797, 797 (1984).

In accordance with this axiom, Third Circuit law is clear: Experts may not invade the court's province by testifying on issues of law. See United States v. Leo, 941 F.2d 181, 196 (3rd

Cir. 1991)("[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury…").  Experts likewise may not testify as to legal conclusions.  Berckeley Inv. Group Ltd. v. Colkitt, 455 F.3d 195, 218 (3rd Cir. 2006).  Every Circuit Court of Appeals agrees with these axioms.[1]

Courts in this District have been careful to prevent experts from offering legal briefs disguised as expert opinion.  See, e.g., Fedex Ground Package Sys., Inc. v. Applications Int'l Corp., 695 F. Supp.2d 216, (W.D. Pa. 2010)( in copyright infringement case, granting motion to preclude where expert's report "does nothing more than recite general principles and apply them to [defendant's] version of the facts in the case."); Bowman v. Burroughs, 2008 WL 5427910 at *11, n. 8 (W.D. Pa.)(excluding expert report which consisted "merely of legal conclusions and arguments akin to those contained in the briefs submitted by counsel for the parties"); VIM. Inc. v. Somerset Hotel Association, 19 F.Supp.2d 422, 427 n. 4 (W.D. Pa. 1998) ("an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by

---

[1] See Nieves–Villanueva v. Soto–Rivera, 133 F.3d 92, 100 (1st Cir.1997)(excluding expert legal opinion "because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial"); U.S. v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991)(an expert may provide an opinion to help a jury or judge understand a fact, but "may not give testimony stating ultimate legal conclusions based on those facts"); Weston v. Washington Metro. Area Transit Auth., 78 F.3d 682, 684 n. 4 (D.C.Cir.1996)("An expert witness may not deliver legal conclusions on domestic law."); Snap–Drape, Inc. v. Comm'r of Internal Revenue, 98 F.3d 194, 198 (5th Cir.1996)("We have repeatedly held that this rule does not allow an expert to render conclusions of law."); U.S. v. Sinclair, 74 F.3d 753, 757–58 n. 1 (7th Cir.1996)("Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case. That is, they cannot testify about legal issues on which the judge will instruct the jury."); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995)("To that end, his testimony was not a fact-based opinion, but a statement of legal conclusion. The legal conclusions were for the court to make. It was an abuse of discretion to allow the testimony."); Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir.1994)("It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court."); Aguilar v. Int'l Longshoremen's Union Local # 10,966 F.2d 443, 447 (9th Cir.1992)("Here, the reasonableness and foreseeability of the casual workers' reliance were matters of law for the court's determination. As such, they were inappropriate subjects for expert testimony."); Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir.1990)("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law."); Specht v. Jensen, 853 F.2d 805, 807 (10th Cir.1988)(en banc)("There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge... To allow anyone other than the judge to state the law would violate the basic concept.")(quotation marks and citation omitted); Adelman v.Baker, Watts & Co., 807 F.2d 359, 368 (4th Cir.1986)("From beginning to end, it is obvious that Appellants proffered [the attorney-expert] as an expert witness to testify in substantial part to the meaning and applicability of [the governing law]. This flies squarely in the face of the precedent—and the logic of that precedent ....").

applying the law to the facts"); Mar. v. City of McKeesport, 2006 WL 2226003 at *3 (W. D. Pa.)("Testimony on ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case"); Id. at *4(where an expert report "consists wholly of conclusions on issues of law," the "report and any testimony by [the expert] regarding it are inadmissible …because they will not assist the trier of fact to determine a factual issue.")

Courts in this Circuit have specifically addressed the admissibility of expert testimony relating to analyses of prosecution histories of trademark registrations and patents. These courts have uniformly concluded that an expert may testify generally about USPTO practices and procedures, but may *not* draw inferences from underlying facts or opine with respect to ultimate legal conclusions. For example, in Fancaster, Inc. v. Comcast Corp. the defendant proffered expert testimony from a trademark attorney who was qualified to testify about USPTO practices in "reviewing, processing, approving or rejecting applications for federal registration of trademarks…" 832 F.Supp.2d 380, 407-408 (D.N.J. 2011). Despite this expertise, the court would *not* permit the expert to opine on (1) whether the prosecution history of plaintiff's trademark registration demonstrated that plaintiff rendered services in interstate commerce, or (2) whether the specimens submitted by the plaintiff to the USPTO sufficed to prove such use. The court labeled testimony on these topics "a usurpation either of the role of the Court or that of the fact finder." Id.; see also Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., 2009 WL 3754170 at *8 (D. N. J.)(patent attorney allowed to offer expert testimony on USPTO practices, but not permitted to "draw inferences from underlying facts or opine with respect to [ultimate legal conclusions])"; Brigham and Women's Hospital, Inc. v. Teva Pharm. USA, Inc., 2010 WL

3907490 (D. Del.)(expert in patent case not permitted "to explain patent prosecution histories through expert testimony" or "provide legal conclusions on substantive issues of patent law.")

### b. Argument

The report of J. Matthew Pritchard, Esq., a practicing trademark attorney, is not an expert report at all; it only masquerades as such. In reality, the report is merely a *legal brief* arguing in favor of the Defendants' allegation that Plaintiff's trademarks should never have been registered because they are merely descriptive under the "doctrine of foreign equivalents."

Atty. Pritchard's report makes no bones about its intent to defy the most elementary and axiomatic rules of expert witness evidence, as set forth above. From the outset, Pritchard states that the purpose of his report is "*to evaluate the prosecution history of the three trademark registrations asserted by the Plaintiff against the Defendants and to offer an opinion whether I thought that they were properly granted.*" *Report*, p. 1. This is precisely the type of legal conclusion which the law forbids.

The report is riddled with "expert" opinion as to the governing law—testimony describing, essentially, "what the law is"—which is, as described above, impermissible because it intrudes upon the exclusive province of the Court.[2] Pages 5-7 of the report are dedicated exclusively to this task, and opinion as to applicable law infects the entire report.

The remainder of the report is saturated with legal conclusions arrived at by application of Atty. Pritchard's "law" to Defendants' version of the facts of this case. For example, Atty. Pritchard states, on page 8, that "*the failure of the Examiner to raise an objection to the registration of the marks…without demonstration of acquired distinctiveness in the TAZA portion of each…was clear error.*" He improperly opines that "*no colorable argument can be

---

[2] It bears noting that the "law" articulated by Atty. Pritchard is so terribly flawed that it is nearly completely fallacious. The accurate law will be set forth in Plaintiff's future filings by *counsel*, not through testimony.

*made to suggest that TAZA is suggestive, rather than descriptive, of those services.*" He also states, without any basis whatsoever, that "*there is a sufficiently substantial portion of the American-consuming public that would have stopped and translated TAZA into 'fresh' so as to result in a likelihood of confusion...*" *Report*, p. 10. He concludes with an assertion that Plaintiff's marks "*are merely descriptive of the services with which they are used and should not have been allowed on the Principal Register...*" and with a proclamation that "*no likelihood of confusion exists*" between the marks. *Report*, pp. 11-12. Besides being utterly baseless, these statements constitute expert testimony as to legal conclusions—which falls within the purview of the jury. See Fedex Ground Package Sys., Inc. v. Applications Int'l Corp., 695 F. Supp.2d at 222 (expert witness's opinion that if certain facts are true, then infringement will (or will not) follow is inadmissible because such matters fall within the purview of the jury, not the realm of expert testimony).

### c. Conclusion

When discussing expert opinion, Judge Learned Hand warned that "argument is argument whether in the [witness] box or at the bar, and its proper place is the last." Nichols v. Universal Pictures Corp., 45 F.2d 119, 123 (2nd Cir. 1930). See also In re Initial Public Offering Sec. Litig., 174 F. Supp.2d 61 (S.D.N.Y. 2001)("In our adversarial system, lawyers make arguments, judges write legal opinions—and there is no such thing as an expert opinion when it comes to interpreting a statute unless that opinion belongs to a court. [Attorney-experts] are free to consult with [parties], sign their brief, or both. They may attend the conferences and argue on their behalf. But it remains this Court's exclusive duty and province 'to say what the law is'") (internal citations omitted); Burkhart v. Washington Metro. Area Trans. Auth., 112 F.3d 1207 (D.C.Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge…")

If the Defendants wished to engage the services of Atty. Pritchard to enter an appearance in this case and serve as co-counsel, they certainly could have done so.  But Defendants cannot be permitted to bring in a trademark attorney, brand him an "expert" rather than "counsel," and have him proffer legal argument disguised as "expert" before the Court and/or the jury.

### IV. THE EXPERT REPORT AND TESTIMONY OF J. MATTHEW PRITCHARD, ESQ. SHOULD BE EXCUDED BECAUSE IT DOES NOT MEET THE RELIABILITY REQUIREMENTS FOR EXPERT TESTIMONY

Alternatively, to the extent the Court finds that Atty. Pritchard's expert report does not consist of legal opinions or conclusions, it should nevertheless be excluded because it does not meet the reliability requirements of Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Rule 702 provides:

"A WITNESS WHO IS QUALIFIED AS AN EXPERT BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY IN THE FORM OF AN OPINION OR OTHERWISE IF:

(a) THE EXPERT'S SCIENTIFIC, TECHNICAL, OR OTHER SPECIALIZED KNOWLEDGE WILL HELP THE TRIER OF FACT TO UNDERSTAND THE EVIDENCE OR TO DETERMINE A FACT IN ISSUE;

(b) THE TESTIMONY IS BASED ON SUFFICIENT FACTS OR DATA;
THE TESTIMONY IS THE PRODUCT OF RELIABLE PRINCIPLES AND METHODS; AND

(c) THE EXPERT HAS RELIABLY APPLIED THE PRINCIPLES AND METHODS TO THE FACTS OF THE CASE."

The Third Circuit has expressed the requirements of Rule 702 as follows: (1) the witness must be an "expert" (by knowledge, skill, training, or education); (2) the expert must testify on matters requiring scientific, technical, or specialized knowledge; and (3) the testimony must assist the trier of fact.  Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3rd Cir. 2008).

Atty. Pritchard possesses no scientific, technical, or other specialized knowledge, skill or training *in any field* which can assist the trier of fact to understand the evidence or determine any

fact in issue in this case. Although he is an attorney experienced in prosecuting trademark applications, and therefore might be qualified to testify as to the practices and procedures of the USPTO,[3] he is ***not*** qualified to give expert testimony on the issues of whether the Plaintiff's trademarks are descriptive, or whether a likelihood of confusion (i.e., infringement) exists between Plaintiff's and Defendants' trademarks.

The essence of Atty. Pritchard's "opinion" is that because "taza" translates to English as "fresh," it is a "merely descriptive" term pursuant to the doctrine of foreign equivalents, and that Plaintiff's trademarks were therefore erroneously registered by the USPTO. But even his own report recognizes (at Appendix C) that the doctrine of foreign equivalents is a "guideline, not an absolute rule" which applies only when "the ordinary American purchaser" will "stop and translate" the term. T.M.E.P. §1207.01(b)(vi)(A).[4] Thus, to avail themselves of the doctrine, Defendants must produce evidence that ordinary Americans (1) know of the translation, and (2) will "stop and translate." Such proof typically comes from ***survey evidence*** gauging whether consumers do, in fact, stop and translate. Atty. Pritchard has no qualifications as a survey expert, and has conducted no survey. Moreover, he has no background in any field—such as sociology, anthropology, or linguistics—which might shed light on whether typical American consumers are ***even aware of the translation***. His expertise in prosecuting trademark applications is ***totally irrelevant*** to ***all*** of these issues. As such, his testimony is not "relevant to the task at hand." Daubert, 509 U.S. at 584-587.

---

[3] Defendants have not designated Atty. Pritchard for this purpose. Nothing in Pritchard's report indicates that his testimony would include USPTO policies and practices. Rather, the report is limited on its face solely to a determination of whether the specific marks asserted by Plaintiff are descriptive, and were properly registered.

[4] Indeed, the doctrine of foreign equivalents was raised by the Examiner, in another context, during Plaintiff's prosecution of Reg. No. 3,439,240 (for "TAZA"). The issue was ***resolved*** after the Plaintiff filed a response demonstrating the doctrine to be inapplicable.

Furthermore, Atty. Pritchard's "opinions" are not based on any ascertainable facts or data, and are totally divorced from any reliable principles and methods.  Fed. R. Ev. 702.  The only documents upon which Atty. Pritchard rests his "expert" opinion are (1) statutes and administrative rules (specifically, the Lanham Act and the Trademark Manual of Examining Procedure), (2) the pleadings in this case, (3) the prosecution histories of Plaintiff's trademark registrations, and (4) a list of registrations of marks containing the English term "fresh" (but ***not*** "taza") as a disclaimed term.  These documents are not the sorts of "facts" and "data" required by Rule 702 and <u>Daubert</u> to support his sweeping conclusion that the Plaintiff's trademarks were improperly registered.  The report does not reference any document, morsel of data, or single fact to suggest (1) that ordinary American purchasers are aware of the translation, (2) that those with such awareness (if any) will "stop and translate" the term, or (3) that those who do "stop and translate" (if any) do not, as a result, nevertheless view the term as a source-identifier.[5]

Even worse, Atty. Pritchard actively ignores readily-available facts which ***contradict*** his conclusions.  His report makes no mention whatsoever of existing trademark registrations for "TAZAH" which acknowledge the translation to "fresh," but which were nevertheless registered by the USPTO *without* application of the doctrine of foreign equivalents.  Most striking among these are Reg. No. 2,574,695 for **TAZAH** and Reg. No. 3,075,737 for TAZAH, both of which identify various types of foods.  <u>See</u> Exhibits "C" & "D."

There is simply no denying that Atty. Pritchard's "opinions" are based solely on legal argument—and legal argument does not qualify as "facts" and "data" under Rule 702 and <u>Daubert</u>.  In the absence of reliable data going to the issues of (1) whether typical American

---

[5] Lack of such data, of course, did not prevent Atty. Pritchard from "shooting from the hip" by proclaiming that "*there is a sufficiently substantial portion of the American-consuming public that would have stopped and translated TAZA into 'fresh.'*"  *Report*, p. 10.

9

consumers are aware of the translation, (2) that they "stop and translate" the term into English, and further, (3) that this results in such consumers not viewing Plaintiff's trademarks as source-identifiers, Atty. Pritchard's conclusions are ***utterly baseless***.  They have no foundation whatsoever in any fact or data, nor in any testable principle or methodology.  They therefore do not rest "on a reliable foundation."  Daubert, 509 U.S. at 584-587.

Because Atty. Pritchard (1) lacks proper expert qualifications, (2) based his opinions on ***no*** ascertainable facts or data of any relevance, and (3) asserted an opinion which is totally divorced from any testable reliable principle or method supported by any technical principles or methodologies, he cannot possibly assist the trier of fact to understand the evidence or to determine any issues of fact.  His report, and his testimony, must therefore be excluded.

**V.      CONCLUSION**

For all of the foregoing reasons, this Court should enter an Order excluding—for purposes of both summary judgment and trial—the "expert" report and "expert" testimony of J. Matthew Pritchard, Esquire.

DATED:  January 22, 2013.                    **EDWARD T. SAADI, LLC**

By:   s/ Edward T. Saadi                                .
Edward T. Saadi, Esq.
Ohio Bar No. 0075775
970 Windham Court, Suite 7
Boardman, Ohio  44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com
*Attorney for Plaintiff/Counter-Defendant*
*Taza Systems, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2013, I caused the foregoing **Memorandum of Law in Support of Motion in Limine to Exclude the "Expert" Report and "Expert" Tesimony of J. Matthew Pritchard, Esquire** to be served on the below-identified counsel for the Defendants via ECF:

Thomas P. McGinnis, Esq.
Karin Romano Galbraith, Esq.
Francis J. DeSalle, Esq.
THOMAS, THOMAS & HAFER, LLP
One Oxford Centre
301 Grant Street, Suite 1150
Pittsburgh, PA  15219
(412) 697-7403

DATED:  January 22, 2013.            **EDWARD T. SAADI, LLC**

By:     s/ Edward T. Saadi                           .
        Edward T. Saadi, Esq.
        Ohio Bar No. 0075775
        970 Windham Court, Suite 7
        Boardman, Ohio  44512
        (330) 782-1954
        (330) 266-7489 (fax)
        EdwardSaadi@aol.com
        *Attorney for Plaintiff/Counter-Defendant*
        *Taza Systems, LLC*