IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAZA SYSTEMS, LLC, ) | |
| ) | Civil Action No. 2:11-cv-00073-DSC |
| Plaintiff, ) | |
| ) | Judge David S. Cercone |
| v. ) | |
| ) | |
| TAZA 21 CO., LLC, FRANK A. ABRAHAM, ) | **JURY TRIAL DEMANDED** |
| and JOHN DOES 1-10, ) | |
| ) | Electronically Filed |
| Defendants. ) | |

## CONSENT DECREE

WHEREAS, Plaintiff Taza Systems, LLC (hereinafter referred to as "Plaintiff"), having filed its Complaint in this action on January 19, 2011, charging defendant Taza21 Co., LLC and Frank A. Abraham (hereinafter referred to as "Answering Defendants") with infringement and dilution of federally-registered trademarks for "TAZA", "TAZA A LEBANESE GRILL" and "TAZA A LEBANESE GRILL (with design), trademark infringement and unfair competition under common law and state law, and cyberpiracy; and

WHEREAS, Answering Defendants have denied all claims and material allegations and have filed counterclaims for cancellation of all three of Plaintiff's federal trademark registrations; and

WHEREAS, Plaintiff has denied, and denies, all claims and material allegations of the counterclaim; and

WHEREAS, the parties desiring and having agreed to resolve and settle the controversy between them on a permanent and final basis, on the terms set forth below and in their separate Settlement Agreement and Mutual Full and Final Release, without trial or any further proceedings herein except as may become necessary to enforce their settlement and/or this

Consent Decree, and having agreed and consented to the making and entry of this Consent Decree;

NOW THEREFORE, by stipulation and agreement of Plaintiff and Answering Defendants, and with the express consent of counsel for Plaintiff and counsel for Answering Defendants, as indicated below, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Jurisdiction and Venue**. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a), 28 U.S.C. §2201, 2202, and pursuant to 28 U.S.C. §1331, 1337 and 1338 because this case arises under the Lanham Act, 15 U.S.C. §1051, et. seq. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1338 and the doctrine of pendent jurisdiction. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

2. **Parties**. The provisions of this Consent Decree shall be applicable to and binding on Plaintiff, Answering Defendants, their subsidiaries and affiliates, their respective officers, agents, servants, employees, attorneys, and associates, their respective successors and assigns, and all persons in privity or in active concert or participation with them who receive actual notice of this Consent Decree by personal service or otherwise.

3. **Permanent Injunction**. Except as specifically authorized in Paragraph 5 below, Answering Defendants, their subsidiaries and affiliates, their officers, agents, employees, and associates, their respective successors and assigns, and all persons in privity or in active concert or participation with them, are hereby IMMEDIATELY, PERMANENTLY and PERPETUALLY RESTRAINED and ENJOINED from, directly or indirectly:

a. using the "Taza" mark, the "Taza A Lebanese Grill" mark, and/or the "Taza A Lebanese Grill" (with design) mark (collectively, "Plaintiff's Trademarks"), or any other mark that consists in whole or in part of the name "Taza"  or any reproduction, counterfeit, copy or colorable imitation thereof, or any mark or name confusingly similar thereto, in any form, or in any manner in connection with restaurant services, bar services, fast food restaurant services, carry-out food services, or any related goods or services;

b. registering, seeking to register, or using, or enlisting the services of third parties to register or use, any domain name that incorporates any of the Plaintiff's Trademarks or any confusingly similar term, mark, or name in connection with restaurant services, bar services, fast food restaurant services, carry-out food services, or any related goods or services, including but not limited to taza21.com, taza21.net, taza21pittsburgh.com, and pittsburghtaza21.com; and

c. adopting or using as a trade name, trademark, service mark, email address or Internet address any name, mark, email address or Internet address which incorporates in whole or in part any of the Plaintiff's Trademarks or any confusingly similar term, mark or name in connection with restaurant services, bar services, fast food restaurant services, carry-out food services,, and/or any related goods or services.

d. It is expressly agreed to by the parties that the name "FRESH 21" is not confusingly similar to any of Plaintiff's Trademarks, and that "FRESH 21" is the new mark which shall initially be adopted by Answering Defendants in accordance with this Paragraph 3 and Paragraph 4 below.  Should Answering

    Defendants need to abandon FRESH21 in the future, it is further expressly agreed to by the parties that Answering Defendants shall not use a mark that contains any of the following:  "AZA"; "*AZA", "TA*A," "TAZ*," or "T*ZA."  The use of * is in place of any letters in the English Alphabet or any numbers.  By making this agreement, Answering Defendants do not admit that these terms are confusingly similar to any of Plaintiff's Trademarks, but nonetheless agree not to use them, except as specifically authorized in Paragraph 5 below.

4. Except as specifically authorized in Paragraph 5 below, Answering Defendants, their subsidiaries and affiliates, their officers, agents, employees, and associates, their respective successors and assigns, and all persons in privity or in active concert or participation with them, are hereby IMMEDIATELY ORDERED to permanently cancel any and all contractual agreements for use of any and all domain names referred to in Paragraph 3(b), including but not limited to those with Grubhub Seamless, Inc., Grubhub, Inc., Grubhub, LLC, Kydia Incorporated, and to take any and all necessary actions to remove any and all such websites from public view.

5. **Transition Period**. Notwithstanding the provisions of Paragraphs 3 and 4 of this Consent Decree, Answering Defendants may continue to use the "Taza21" name (in any form) in relation to their restaurant for a period up to and including ninety (90) days from the date this Consent Decree is approved by the Court. Answering Defendants understand and agree that this time period is designed to give them time to notify their customers of the impending name change and to mitigate any confusion that may be caused by such name change.

6. **No change to entity name**. Plaintiff expressly agrees that Answering Defendants need

not change the name of the limited liability company (Taza 21 Co., LLC), provided that any use of the name Taza 21 Co., LLC be exclusively internal to Defendant Taza 21 Co., LLC, and further provided, in accordance with Paragraphs 3, 4, and 5 above, that the name not be used or displayed externally in any form, or in any manner, in connection with restaurant services, bar services, fast food restaurant services, carry-out food services, or any related goods or services.

7. **No restriction; no admission**. Notwithstanding the provisions of the foregoing paragraphs, however, nothing contained herein shall in any way restrict or impair Answering Defendants' right to advertise, promote, or offer restaurant or bar services to the public under a mark that does not infringe upon the Plaintiff's Trademarks. Moreover, nothing contained herein shall be deemed an admission of wrongdoing or violation of Plaintiff's rights by Answering Defendants. In addition, nothing contained herein shall be deemed an admission by Plaintiff of any wrongdoing, nor an admission of any claim or allegations set forth in the Amended Counterclaim.

8. **Jurisdiction of the Court**. Jurisdiction of this Court is retained for the purpose of making or entering any further orders necessary or proper for the construction or modification of this Consent Decree, the enforcement hereof, or the punishment of any violations hereof.

9. **Service**. This Consent Decree shall be deemed to have been served upon all parties at the time of its approval and entry by the Court.

10. **Trademark Office Notification**. In accordance with the provisions of 15 U.S.C. §1116, the Clerk of this Court shall notify the Commissioner of Patents and Trademarks of the entry of this Consent Decree, who shall enter it upon the records of the United States

Patent and Trademark Office.

**SO ORDERED**, this _____ day of March, 2014.

                                                                            _____
                                                                            DAVID S. CERCONE
                                                                            DISTRICT JUDGE

**CONSENTED TO AND APPROVED AS TO FORM AND SUBSTANCE:**

Dated: March 18, 2014                    PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

                                                            By: _____
                                                                 Erie G. Soller
                                                                 Pa. ID # 65560

                                                            One Oxford Centre
                                                            301 Grant Street, 38th Floor
                                                            Pittsburgh, PA 15219
                                                            412-263-1836

                                                            *Attorneys for Answering Defendants*
                                                            *TAZA21 CO., LLC and FRANK A. ABRAHAM*

Dated: March 17, 2014                    EDWARD T. SAADI, LLC

                                                            By: _____
                                                                 Edward T. Saadi, Esq.
                                                                 Ohio Bar No. 0075775

                                                            970 Windham Court, Suite 7
                                                            Boardman, Ohio 44512
                                                            330-782-1954

                                                            *Attorney for Plaintiff*
                                                            *TAZA SYSTEMS, LLC*

DOCS-#2698648-v1